**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Huminski,<br><br>            Plaintiff,<br><br>vs.<br><br>Hector Heretia, et al.<br><br>            Defendants. | No. CV11-0896-PHX-DGC<br><br>**ORDER** |

Three motions are pending from pro se plaintiff Scott Huminski, and Defendants' replies are not yet due. Because Plaintiff's motion to enlarge time to file a motion for remand (Doc. 6) is time-sensitive, the Court will rule on it without the benefit of a response from Defendants. The motion at Doc. 6 also contains a request to enlarge time to file an amended complaint, and the Court will reserve ruling on the request until the motion has been fully briefed.

On May 4, 2011, this case was removed from the Highland Justice Court, a justice court in Maricopa County, Arizona. Doc. 1. Plaintiff moves to extend the deadline for filing a motion to remand to June 10, 2011, and appears to argue that such extension is permitted by Rule 6(b). Doc. 6 at 1. Plaintiff does not state the grounds on which the motion to remand will be based. *Id.* The Court will deny this motion.

The remand statute, 28 U.S.C. § 1447(c), places a 30-day limit on the filing of motions for remand based on defects other than lack of subject matter jurisdiction. The

30-day limit applies only to "removal defects," not to all grounds for remand. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253-54 (9th Cir. 1999) (noting in part that "the more reasonable construction of the statute is that the term 'defect' refers to removal defects"). The removal defects covered by § 1447(c) are those which constitute "failure[s] to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441-1453." *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009). Other grounds for remand are not covered by the 30-day rule. *See Snapper*, 171 F.3d at 1253-54.

Plaintiff has not cited case law for the proposition that Rule 6(b)(1) applies to the 30-day statutory limit of § 1447(c) (Doc. 6), and the Supreme Court has recognized that some statutory limitations on timing can be jurisdictional and not subject to extension. *See Bowles v. Russell*, 551 U.S. 205, 210 (2007) (Court regarded statutory limitations on the timing of appeals as limitations on its own jurisdiction). The Supreme Court also noted that there exists a distinction between court-promulgated timing rules and timing limits enacted by Congress. *See id.* at 211-12. Ninth Circuit cases suggest that the 30-day statutory limit of § 1447(c) is a restriction on a district court's power, *see, e.g.*, *N. Calif. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995), and that a district court is "bound by the 30-day limit." *Maniar v. FDIC*, 979 F.2d 782, 786 (9th Cir. 1992). If this is true, the Court has no power to extend it.

Thus, if Plaintiff seeks to remand for lack of subject matter jurisdiction or for reasons other than removal defects, he is not bound by the 30-day rule.[1] If Plaintiff seeks to remand on the basis of removal defects subject to the 30-day rule, it appears likely that the Court lacks power to extend the 30-day deadline set by Congress. The Court need not finally decide that issue because Plaintiff has not stated that his remand motion would be based on removal defects.

---

[1] Plaintiff must still be diligent in his filing because undue delay may still result in denial of a motion to remand.

**IT IS ORDERED:**

1.  Plaintiff's request for enlargement of time to file a motion to remand (Doc. 6) is **denied**.

2.  The motion to enlarge time to amend (Doc. 6) will be ruled on after it is fully briefed by the parties. The Clerk shall, therefore, not terminate the motion at Doc. 6.

Dated this 25th day of May, 2011.

_____
David G. Campbell
United States District Judge