**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Huminski, <br><br> Plaintiff, <br><br> vs. <br><br> Hector Heretia, et al. <br><br> Defendants. | No. CV11-0896-PHX-DGC <br><br> **ORDER** |

This order addresses eleven motions (Docs. 6, 8, 10, 12, 16, 21, 23, 24, 32, 33, 40) filed by Plaintiff pro se Scott Huminski and two motions (Docs. 20, 34) filed by Defendants. In addressing the motions, the Court will combine discussion of related motions.

**I.   Motion to Amend and Motion to Hold In Abeyance the Motion to Amend.**

Plaintiff moves for leave to amend on grounds that he needs more time to become familiar with federal rules and needs more time to respond to opposing papers on account of a disability. Doc. 6. Defendants oppose on account of Plaintiff failing to provide information about the substance of his amendment, as well as for failure to comply with Local Rule 15.1. Doc. 14. Plaintiff has not filed a reply. Plaintiff has, however, filed a motion to postpone, or hold in abeyance, decision on the motion to amend until the Court rules on the motions for injunctive relief (Doc. 16), a request that Defendants oppose (Doc. 25). The motions referenced by Plaintiff are not dispositive of the merits of the motion to amend, and therefore the Court will deny the motion to postpone.

Rule 15 of the Federal Rules of Civil Procedure provides that the Court "should

freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182. A party seeking leave to amend should, however, disclose the contents of the proposed amendment so that the court may ascertain whether leave to amend is warranted. *See* LRCiv. 15.1 ("A party who moves for leave to amend a pleading . . . must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added.").

In this case, Plaintiff did not state the substantive details of his amended complaint, nor has he filed an altered copy of the complaint as required by Local Rule 15.1.[1] For these reasons, the motion to amend will be denied.

**II.  Motion for Extension of Time.**

Plaintiff moves for an extension of time to file an amended notice of claim by July 29, 2011. Doc. 8. Plaintiff argues that such timeline is within the 180 days provided by statute. *Id.* Defendants have not responded to the motion, and the time for filing a response has expired. In light of the motion being colorable and unopposed, the Court will grant the motion. *See* LRCiv. 7.2(i).

**III.  Motion for Accommodations.**

Plaintiff moves for a permanent 10 business-day enlargement to all times prescribed by the rules of civil procedure in this case. Doc. 24 at 1. Plaintiff argues that

---

[1] On June 13, 2011, one month after filing the motion to amend, Plaintiff has filed a document purporting to be an amended complaint (Doc. 27). This untimely filing does not cure non-compliance with LRCiv. 15.1, however.

he suffers from Post Traumatic Stress Disorder ("PTSD") "arising from events and conduct similar to those of the City of Surprise." *Id.* Plaintiff also attaches a letter allegedly issued by the Social Security Administration ("SSA") which states that Plaintiff "became disabled on November 29, 2008." *Id.* at 2. Defendants oppose, arguing that the SSA letter "does not provide the type of disability, diagnosis or how the disability affects Plaintiff's ability to respond." Doc. 28 at 1. Plaintiff did not file a reply.

Rule 6(b)(1) of the Federal Rules of Civil Procedure sets "good cause" as the standard for time extensions. The Ninth Circuit has observed that "'good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citations omitted). The Court finds that Plaintiff has failed to substantiate his claim of being diagnosed with PTSD and his claim, if he is in fact so diagnosed, that this disorder materially affects his ability to comply with filing deadlines. Plaintiff has not provided a formal diagnosis or analysis from a physician as an affidavit, and the SSA letter does not state PTSD as being the basis for Plaintiff's disability.

In light of the above, the Court cannot find that Plaintiff has meet the good cause standard in Rule 6(b)(1). The motion will be denied.

**IV. Motion for Entry of Default Judgment.**

Plaintiff moves for an entry of default judgment against Defendants under Rules 55(b)(2) and 15(a)(3) of the Federal Rules of Civil Procedure. Doc. 33. A response is not yet due from Defendants. The Court will deny the motion because it has no colorable basis in law or fact.

Under Rule 55, a default judgment is proper only when the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Plaintiff asserts that he "filed and served his First Amended Complaint on June 13, 2011 along with an Opposition to Defendants' Rule 12 motion." Doc. 33 at 1. Plaintiff asserts that the Court accepted and docketed the First Amended Complaint, and that Defendants

failed to defend against this amended complaint. *Id.*

Rule 15 provides that a plaintiff may amend his complaint once without leave of court "within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

In this case, Defendants' answer to Plaintiff's original complaint appears to have been filed on April 28, 2011 (Doc. 1 at 7). The document Plaintiff characterizes as a first amended complaint was filed on June 13, 2011 (Doc. 27), well beyond the 21-day period. Moreover, Plaintiff has not shown that it obtained Defendants' written consent to file the amended complaint, nor has Plaintiff secured leave from this Court. The Court therefore finds that Plaintiff has not properly filed an amended complaint, and the motion for entry of default will accordingly be denied.

Because the document at Doc. 27 is not a properly-filed pleading, as discussed above, the Court will strike it from the docket on its own.[2] Fed. R. Civ. P. 12(f)(1).

**V.   Motion for Partial Summary Judgment.**

Plaintiff moves for partial summary judgment (Doc. 21), Defendants oppose (Doc. 35), and Plaintiff filed a reply (Doc. 37).

A motion for summary judgment is premature at this stage: a Rule 16 conference has not been set, the parties do not appear to have engaged in discovery, and Defendants' answer does not admit liability (Doc. 1 at 7-8). *See* Fed. R. Civ. P. 56(b), (c). Plaintiff's motion will therefore be construed by the Court as a motion for judgment on the pleadings under Rule 12(c). *In re 1982 Sanger*, 738 F.2d 1043, 1046 (9th Cir.1984) ("The moving party's label for its motion is not controlling. Rather, the court will

---

[2] While the Court was in the process of reviewing Plaintiff's many filings and drafting this order, Defendants moved to strike the document at Doc. 27 (Doc. 34); Plaintiff opposed (Doc. 39). Because the Court has stricken the document on its own, the motion will be denied as moot.

- 4 -

construe it, however styled, to be the type proper for relief requested.").

Plaintiff's complaint makes several claims for relief, including allegations that his constitutional rights were violated. Doc. 1-1. The complaint requests $9,999.99 in damages, and was filed in the Highland Justice Court, a justice court in Maricopa County, Arizona. *Id.* The complaint was filed on a one-page form, and the allegations are conclusory at best. *Id.* Defendants' answer denies liability for the claims asserted. Doc. 1 at 7-8. In light of the complaint's conclusory allegations and the denial of liability by Defendants, the Court cannot conclude that Plaintiff is entitled to judgment as a matter of law on the pleadings. The motion will therefore be denied.[3]

**VI.     Defendants' Motion for Judgment on the Pleadings.**

Defendants move for judgment on the pleadings under Rule 12(c) (Doc. 20), Plaintiff opposes (Doc. 26), and Defendants filed a reply (Doc. 30). The parties have not requested oral argument. Under Rule 12(c), "[j]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A Rule 12(c) motion is properly filed "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c).

Although Plaintiff has filed an initial complaint (Doc. 1) and Defendants an answer (Doc. 1 at 7-8), the Court has not held a Rule 16 hearing and has not entered a deadline for filing amended pleadings. Defendants' motion will therefore be denied as premature.

**VII.    Plaintiff's Motion for Sanctions.**

Plaintiff moves to strike Defendants' motion for judgment on the pleadings as a sanction against their alleged "strategy of delay, harassment and confusion." Doc. 23. The motion is made under Rule 11(b)(1), not Rule 12(f). Doc. 23 at 1. Defendants

---

[3] Plaintiff also filed a motion to strike Defendants' separate statement of facts. Doc. 40. Because the Court concluded above that a summary judgment motion is premature at this stage, the motion to strike will be denied as moot.

- 5 -

oppose, arguing that the motion was not served on them 21 days before it was filed with the Court, and also that a Rule 11 sanction is not warranted here. Doc. 29. Plaintiff did not file a reply. The Court agrees that Plaintiff failed to give Defendants the opportunity to correct the issue as required by Rule 11(c)(2)'s "safe harbor provision," and will deny the motion on that ground. *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003).

**VIII. Motions for Preliminary Injunctive Relief.**

Plaintiff moves for a preliminary injunction (Doc. 10) and a temporary restraining order ("TRO") (Doc. 12). Defendants oppose (Doc. 15), and Plaintiff filed a reply (Doc. 17).

To obtain a TRO and a preliminary injunction Plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that injunctive relief is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). The test includes a sliding scale. If Plaintiff shows that the balance of hardships will tip sharply in his favor, he need not make a strong showing of likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049-53 (9th Cir. 2010). Serious questions exist when a plaintiff shows a "'fair chance of success on the merits.'" *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc) (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

Plaintiff's motion for preliminary injunction asserts that Officer Heredia wrote him an email stating, "Please do not have any type of contact with either Michael Nelson [sic] or Anthony Tsontakislaw [sic] until I speak with you and hear your side." Doc. 10 at 1 (alterations in original). Plaintiff characterizes this as a threat, and asserts in part that Defendants have "never withdrawn or attempted to narrowly-tailor the THREAT to be consistent with First Amendment principles or the broader speech protections provided

by the Arizona Constitution." *Id.* (capitalization in original). Plaintiff contends that the email constituted a "police order restricting [Plaintiff's] access to Courthouses," and that Defendants intend to enforce this threat "through the abuse of police power." *Id.* at 2. Plaintiff seeks an injunction barring Defendants from "enforcement of the THREAT in court matters and otherwise violating Huminski's First Amendment rights." *Id.* at 7 (capitalization in original). Plaintiff's motion for TRO references the motion for preliminary injunction. Doc. 12 at 1.

Assuming Plaintiff's allegation about the contents of the email as true, the Court concludes that Plaintiff has failed to show irreparable harm or that the balance of equities tips sharply in his favor. As Defendants acknowledge in their response, the email does not bar Plaintiff from being present in court and does not threaten any harm or injury if Plaintiff refuses the request made in the email. Doc. 15. Plaintiff's evidence does not persuade the Court otherwise. Moreover, in light of the conclusory assertions in Plaintiff's complaint, the Court cannot conclude that Plaintiff is likely to succeed on the merits.

Plaintiff filed a renewed motion for TRO based apparently on an amended complaint. Doc. 32. Because an amended complaint was not properly filed with this Court, the motion at Doc. 32 will be denied as moot.

**IT IS ORDERED:**

1. Plaintiff's motion to postpone ruling (Doc. 16) is **denied**.
2. Plaintiff's motion to amend (Doc. 6) is **denied** as stated above.
3. Plaintiff's motion for extension of time (Doc. 8) is **granted**.
4. Plaintiff's motion for accommodations (Doc. 24) is **denied** as stated above.
5. Plaintiff's motion for entry of default (Doc. 33) is **denied**.
6. The Clerk shall strike Doc. 27 from the docket.
7. Defendants' motion to strike (Doc. 34) is **denied** as moot.
8. Plaintiff's motion for partial summary judgment (Doc. 21) is **denied**.

9. Plaintiff's motion to strike (Doc. 40) is **denied** as moot.

10. Defendants' motion for judgment on the pleadings (Doc. 20) is **denied**.

11. Plaintiff's motion for sanctions (Doc. 23) is **denied**.

12. Plaintiff's motion for a preliminary injunction (Doc. 10) is **denied**.

13. Plaintiff's motion for a TRO (Doc. 12) is **denied**.

14. Plaintiff's renewed motion for a TRO (Doc. 32) is **denied** as moot.

15. A case management conference shall be set by separate order.

Dated this 18th day of July, 2011.

*[signature]*

David G. Campbell
United States District Judge