**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Huminski, | No. CV11-0896-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Hector Heretia, et al. | |
| Defendants. | |

Plaintiff pro se Scott Huminski has filed a second motion for preliminary injunction. Doc. 55. The motion is essentially the same as his first motion (Doc. 10), which was denied by the Court on July 18, 2011. Doc. 42. For reasons that follow, Plaintiff's second motion will be denied.

To obtain a TRO and a preliminary injunction Plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that injunctive relief is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). The test includes a sliding scale. If Plaintiff shows that the balance of hardships will tip sharply in his favor, he need not make a strong showing of likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049-53 (9th Cir. 2010). Serious questions exist when a plaintiff shows a "'fair chance of success on the merits.'" *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc) (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

One of the Defendants in this case, City of Surprise Police Officer Hector Heredia, wrote Plaintiff an email on April 13, 2011, explaining that a Michael Nelson (whose actual name apparently is Justin Nelson) had filed a harassment complaint against Plaintiff and that Officer Heredia wanted to interview Plaintiff. The email explained when Officer Heredia would be available, and said: "Please do not have any type of contact with either Michael Nelson [sic] or Anthony Tsontakislaw [sic] until I speak with you and hear your side." Doc. 59-1 at 2.

Plaintiff's lawsuit is based on this email. Plaintiff asserts that Defendants have "never withdrawn or attempted to narrowly-tailor the THREAT to be consistent with First Amendment principles or the broader speech protections provided by the Arizona Constitution." Doc. 55 at 2 (capitalization in original). Plaintiff contends that the email constitutes a "police order restricting [Plaintiff's] access to Courthouses," and that Defendants intend to enforce this threat "through the abuse of police power." *Id.* Plaintiff seeks an injunction barring Defendants from enforcing the alleged order with respect to Anthony Tsontakis (Nelson's lawyer), arguing that the order violates Plaintiff's First Amendment rights and that Surprise has no jurisdiction over Mr. Tsontakis.

The Court again concludes that Plaintiff has failed to show irreparable harm or that the balance of equities tips sharply in his favor. Defendants acknowledge in their response that the email does not bar Plaintiff from being present in court or from having contact with Mr. Tsontakis, and does not threaten any harm or injury if Plaintiff refuses the request made in the email. Doc. 59. Plaintiff's evidence does not persuade the Court otherwise. The email is a request that Plaintiff not have contact with Nelson and Tsontakis until Officer Heredia interviews Plaintiff. Defendants have submitted evidence that Officer Heredia, Lieutenant John Bacon, and Lieutenant Harold Brady all advised Plaintiff that the email was not an order. Doc. 59-1. Moreover, given the nature of the email, the Court cannot conclude that Plaintiff is likely to succeed on the merits or has shown a fair chance of success.

Plaintiff places considerable reliance on *Huminski v. Corsones*, 396 F.3d 53 (2d Cir. 2005), a case concerning his protest actions in Vermont. The Court finds the case distinguishable because Plaintiff was actually prohibited in that case from being present at certain state courthouses.[1] It appears the email in this case is not an order and does not prohibit Plaintiff from doing anything.

**IT IS ORDERED:**

1. Plaintiff's second motion for a preliminary injunction (Doc. 55) is **denied**.
2. Plaintiff's motion to expedite (Doc. 62) is **denied as moot**.

Dated this 18th day of October, 2011.

_____
David G. Campbell
United States District Judge

---

[1] The opening paragraph of the Second Circuit opinion provides this explanation: "The plaintiff, Scott Huminski, is a long-time critic of the Vermont justice system who has sought to disseminate his message using a wide variety of means and media. In 1997, he became infuriated by what he thought to be his mistreatment by Vermont judges and prosecutors in the course of criminal proceedings against him. He therefore began to include angry denunciations of them in his public communications. He apparently thought himself to be a legitimate gadfly-a quintessential example of what Justice White once referred to as the 'lonely pamphleteer.' But Vermont judges and court personnel, against the background of then-recent acts of terrorism and violence, interpreted his behavior as a potential threat to personal safety, to court property, and to the orderly conduct of court business. *Vermont officials therefore broadly prohibited Huminski's presence in and around certain state courthouses.* Huminski complains that the restrictions are unconstitutional." *Id.* at 58 (emphasis added; footnote omitted).