**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Huminski,<br><br>              Plaintiff,<br><br>vs.<br><br>Hector Heretia, et al.,<br><br>              Defendants. | No. CV11-0896 PHX DGC<br><br>**ORDER** |

The Court held a discovery conference call with the parties on January 18, 2012. The conference call was held on the record. This order will reflect matters decided during the conference call and thereafter.

1. On or before **February 10, 2012**, Plaintiff Scott Huminski shall file a response to Defendants' motion for summary judgment (Doc. 95) and, if he chooses, a cross-motion for summary judgment. On or before **February 27, 2012**, Defendants shall file a response to Plaintiff's cross-motion for summary judgment and a reply in support of their motion for summary judgment, as a single document. On or before **March 7, 2012**, Plaintiff shall file a reply in support of his cross-motion for summary judgment.

2. Discovery shall be suspended until the Court rules on the motions for summary judgment. No party shall engage in discovery during this time period. If the Court's ruling does not finally resolve this case, the Court will set a case management conference to discuss completion of discovery in preparation for trial.

3. Plaintiff's Motion to Strike Summary Judgment Motion (Doc. 100) is **denied**. The Court and the parties decided in the January 18, 2012 conference call that

1  completing summary judgment briefing was the most efficient way to seek a final
2  resolution of this case.

3      4.    The Motion for Disqualification of Hon. Judge Campbell (Doc. 103) is **denied**.  The motion asserts that the Court's Judicial Assistant ("JA") has become a fact witness in this case because she received an inquiry from Phoenix School of Law as to whether an evidentiary hearing would be held on January 18, 2012.  The Court does not agree that its JA is a fact witness.  Her communications with counsel for the Phoenix School of Law concerned the scheduling of hearings.  The motion also asserts that the Court's JA violated the scheduling order in this case.  In fact, the Court's JA is under instruction to schedule telephone hearings in all discovery disputes.  The Court routinely denies written discovery motions because its case management order (¶ 6) requires that such matters be addressed in telephone conferences with the Court.  The Court's pursuit of this policy does not constitute a basis for disqualification.

Dated this 19th day of January, 2012.

_____
David G. Campbell
United States District Judge